JOURNAL ENTRY and OPINION
{¶ 1} Thomas Knuff appeals from a judgment of the common pleas court sentencing him to an aggregate prison term of 15½ years for two counts of aggravated robbery, four counts of breaking and entering, and one count of vandalism following the court's acceptance of his guilty pleas. On appeal, he contends that the court abused its discretion by failing to consider the mitigating factors he presented during the sentencing hearing. After careful consideration of his argument, thorough review of the record, and application of the appropriate law, we have concluded that the trial court did not abuse its discretion and therefore, we affirm the judgment and sentence.
 {¶ 2} In a four-month period from late June to early October, 2001, Knuff participated in three break-ins and two robberies, one involving the use of a handgun and the other a box cutter knife.
 {¶ 3} On September 28, 2001, in case no. 413764 a grand jury indicted Knuff on one count of breaking and entering and one count of vandalism; on November 6, 2001, in case no. 415117 a grand jury indicted him for aggravated robbery and for carrying a concealed weapon, i.e. a box cutter knife; on November 13, 2001, in case no. 415224 a grand jury indicted him for aggravated robbery and carrying a concealed weapon, a handgun; on December 21, 2001, in case no. 418003 a grand jury indicted him for breaking and entering; and, on January 14, 2002, in case no. 417679 a grand jury indicted him for breaking and entering and vandalism.
 {¶ 4} The court consolidated these cases for trial and on January 18, 2002, Knuff pled guilty to two counts of breaking and entering in case no. 413764; to aggravated robbery in case no. 415117; to aggravated robbery with a three-year firearm specification in case no. 415224; to breaking and entering in case no. 417679; and to breaking and entering and vandalism in case no. 418003.
 {¶ 5} On February 11, 2002, the court sentenced him to consecutive sentences, aggregating 15½ years. At the sentencing hearing the court reviewed Knuff's criminal history and determined he had 13 prior convictions. Knuff now appeals from that sentence and presents one assignment of error for our review. It states:
 {¶ 6} "THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES TOTALING MORE THAN FIFTEEN YEARS."
 {¶ 7} Knuff claims the court failed to consider any mitigating factors and erred in imposing consecutive sentences. He also argues that the 15½ year aggregate sentence is too long. The state contends the court did not err and followed the sentencing guidelines articulated in R.C. 2929.14.
 {¶ 8} The issue presented for review then concerns whether the 15½ year sentence imposed in these cases comports with law. Knuff's argument, delivered in a "stream of consciousness" format, does not cite any controlling binding legal authority in support of his position.
 {¶ 9} R.C. 2929.12(C) and (E) set forth mitigating factors that the court must consider during sentencing. They provide:
 {¶ 10} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 11} "(1) The victim induced or facilitated the offense.
 {¶ 12} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 13} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 14} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 15} "* * *.
 {¶ 16} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 17} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 18} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 19} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 20} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 21} "(5) The offender shows genuine remorse for the offense."
 {¶ 22} These factors provide a guide for the court to use in exercising its discretion. Further, unlike R.C. 2929.14, which obligates the court to make certain findings on the record before imposing more than the minimum, maximum, or consecutive sentences, R.C. 2929.12(C) and (E) only require the court to consider relevant mitigating factors. SeeState v. Edmonson (1999), 86 Ohio St.3d 324, 326-327.
 {¶ 23} Here Knuff argues the 15½ year sentence he received is reserved for murderers and child rapists. He argues that his crimes are due to drug addition and that he would like to get an early release from prison to spend time with his son so he can have an influence on him. He also states in his brief:
 {¶ 24} "As reasoned in the Griffin Katz book, consecutive sentences exceeding ten years should not be imposed unless the offender was previously imprisoned for an F(2) causing serious physical harm and the current offense involves the attempt or actual causing of serious physical harm to another. This does not apply to appellant."
 {¶ 25} Knuff's contentions are not well taken. The court determined that Knuff has 13 prior convictions and numerous parole violations dating back to 1993, that he has spent time in several penal institutions, that a firearm had been used during the commission of one of the offenses, and that another involved the use of a box cutter knife. He does not deny that he used a firearm to rob a female clerk at a convenience store and a box cutter knife to rob an individual at an automatic teller machine.
 {¶ 26} Knuff next complains that the trial court failed to make the necessary findings and give its reasons when it imposed consecutive sentences.
 {¶ 27} R.C. 2929.14(E)(4) sets forth the factors for imposition of consecutive terms and provides:
 {¶ 28} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *."
 {¶ 29} Further, the trial court is required to find that the offender's behavior fits into one of the categories listed in R.C.2929.14(E)(4)(a), (b), or (c) that the offenses had been committed awaiting trial or sentence, or the harm caused is so great that no single term adequately reflects the seriousness of the offender's conduct or that consecutive sentences are necessary to protect the public from future crime. In addition, the trial court must give its reason for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c).
 {¶ 30} The court at sentencing made these statements:
 {¶ 31} "So that's 13 prior convictions, not counting all the counts that are contained therein.
 {¶ 32} "So now before this court are cases numbered 14, 15, 16, 17 and 18. Also, he's on parole to the Adult Parole Board to Parole Officer Nicolas Spano and there's a holder on him, as there should be, from Mr. Spano for the parole violation.
 {¶ 33} "The court, taking all of these factors into consideration, finds, among other things, that the defendant is a recidivist, that he was out on release on parole when these cases occurred, that he has failed to respond in the past to sanctions imposed for criminal convictions, that he has served time in penal institutions before this, that a gun was used during the commission, a knife in one of the others.
 {¶ 34} "The court believes that, first of all, that a prison term is consistent with protecting the public from future crime and that the offender is not amenable to community-controlled sanctions, that consecutive sentences are necessary to protect the public and to punish the offender, and that the terms that I will give here are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public, and that the defendant committed these multiple crimes while under post-release control, and further, that the harm caused was so great that no single prison term would adequately reflect the seriousness of the defendant's conduct and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by this defendant."
 {¶ 35} The court then stated:
 {¶ 36} "Regardless of the number of letters that are here from various people, that the defendant is indeed a one-man crime wave that put the whole western and southwestern suburbs in jeopardy."
 {¶ 37} From our review, therefore, the court made the necessary findings and provided its reasons for imposing its sentence. Accordingly, the trial court properly imposed consecutive sentences in this case.
 {¶ 38} Therefore, we reject this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).